# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FELTON LOVE (#413666)                                      CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                       NO. 13-0225-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 21, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FELTON LOVE (#413666)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                     NO. 13-0225-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Felton Love, challenges his conviction and life sentence, entered in 2003 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated rape of a person under the age of thirteen, a violation of La. R.S. 14:42.  He asserts that the conviction was contrary to the law and evidence, that the trial court erred in denying his motion to quash the charge against him, that the trial court erred in denying his motion for new trial based on newly discovered evidence, that he was denied the right to a trial by jury in a capital case, and that he was denied due process because the record fails to show that he made a knowing and intelligent waiver of his right to a trial by jury.

From a review of the petitioner's application and supporting memorandum, it appears that the petitioner waived his right to a trial by jury and was found guilty, after a bench trial conducted in September, 2003, of the aggravated rape of his stepdaughter, who was under the age of thirteen at the time of the offense(s).  According to the petitioner, he appealed this conviction to the Louisiana Court of Appeal for the First Circuit, asserting that the judgment was contrary to the law and evidence, that the trial court erred in failing to grant the petitioner's

motion to quash the charge, and that the trial court erred in failing to grant the petitioner's motion for new trial based upon newly discovered evidence.  Pursuant to Mandate dated September 17, 2004, the appellate court affirmed the conviction and sentence.  *See State v. Love*, 885 So.2d 56 (La. App. 1st Cir. 2004).  The petitioner's subsequent application for supervisory review before the Louisiana Supreme Court was denied on February 18, 2005.  *See State v. Love*, 896 So.2d 28 (La. 2005).  Upon the plaintiff's failure to seek further review in the United States Supreme Court, his conviction and sentence became final on May 19, 2005, upon the passage of the 90-day period of time allowed for him to seek such review.

The petitioner asserts that after the denial of his application for supervisory review in the Louisiana Supreme Court on February 18, 2005, he requested assistance from the Legal Programs Department at the Louisiana State Penitentiary ("LSP") for the preparation of an application for post-conviction relief.  He asserts that he thereafter provided all of the necessary paperwork relative to his case to a co-inmate legal assistant so that an application could be prepared on his behalf.  He contends, however, that the inmate legal assistants at LSP are inadequate and unqualified and that, between February, 2005, and January, 2006, his paperwork was "passed from one inmate subsitute [sic] counsel to another."  Rec. Doc. 1 at p. 4.  As a result, in April, 2006, the petitioner allegedly retained the services of an attorney to file a post-conviction relief application on his behalf, and it was thereafter his "understanding" that the attorney "had indeed filed an application for post-conviction relief in the state district court."  *Id.* at p. 5.  According to the petitioner, however, he learned in May or June, 2010, after more than four (4) years and "after many letters," that no such application had been filed.  *Id.*  Although the petitioner thereafter filed an application for post-conviction relief in the state trial court on an

2

unspecified date – asserting the claims that he was denied due process because he was not provided with a jury trial and because the record did not reflect that his waiver of a jury trial was knowing and intelligent – the application was denied as untimely in the district court, in reliance upon Louisiana Code of Criminal Procedure article 930.8, which provides that an application for post-conviction relief must be filed within two years of the finality of a conviction.  *Id.*  The petitioner's subsequent applications for further review in the Louisiana appellate courts were also denied, with the Louisiana Supreme Court denying review on November 30, 2012, in express reliance upon La. Code Crim. P. art 930.8.  *See State ex rel. Love v. State*, 103 So.3d 371 (La. 2012).

Finally, on or about April 9, 2013, more than four months after the decision of the Louisiana Supreme Court denying the petitioner's application for supervisory review, the petitioner filed the instant application for habeas corpus relief in this Court.  Based upon the foregoing, the Court concludes that the application is untimely.[1]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This statute provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

1.  A district court is permitted to consider, <u>sua sponte</u>, the timeliness of a state prisoner's habeas corpus petition.  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

the applicant was prevented from filing by such State action;

\*              \*              \*              \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2).

In the instant case, the petitioner's conviction became final on May 19, 2005, ninety days after entry of his judgment of conviction and upon his failure to file a writ of certiorari in the United States Supreme Court.  The petitioner concedes that he did not thereafter interrupt the running of the limitations period until his filing, approximately five years later, of an application for post-conviction relief in the state trial court.  Accordingly, inasmuch as admittedly more than one year elapsed after the finality of his conviction, during which time the petitioner did not have pending before the state courts any application for post-conviction or other collateral review, his claims before this Court are time-barred pursuant to 28 U.S.C. § 2244(d) unless he can establish either that he is entitled to statutory tolling under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish statutory tolling based upon a state-created impediment under 28 U.S.C. § 2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  In the instant case, the petitioner contends that the incompetence of the inmate legal assistants provided by the Legal Programs Department at LSP effectively impeded his ability to timely file his writ application.  This claim is without merit.  In *Manning v. Epps*, 688 F.3d 177 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S.Ct. 1633 (2013), an inmate made a similar claim regarding the alleged incompetence of attorneys who had been appointed to assist

4

him with post-conviction claims.  The Court rejected this contention, concluding that, "[a]s the Supreme Court has not recognized a right to postconviction counsel under the United States Constitution, ... 'a state's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay.'" *Id.* at 189, *citing Lawrence v. Florida*, 549 U.S. 327, 337 (2007).  Further, the *Manning* Court noted that nothing prevented the petitioner from representing himself or from hiring his own attorney, which latter action the petitioner in the instant case apparently sought to do after concluding that LSP inmate legal assistants were inadequate.  Thus, the State did not "prevent" the petitioner from filing a timely application for post-conviction relief within the meaning of § 2244(d)(1)(B), and the alleged inadequacy of the LSP inmate legal assistants is not a basis for statutory tolling under this section.  *See also Manning v. Sumlin*, ___ Fed. Appx. ___, 2013 WL 5569098 (5th Cir. Oct. 10, 2013) (rejecting an inmate's claim that "incompetent prison writ writers" created an impediment to the timely filing of his habeas corpus application).  Moreover, the petitioner does not assert that he did not have access to an adequate law library at LSP or that the State actively impeded his efforts to pursue post-conviction relief.  *See id.*

Nor is there any basis in the record for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872,

5

875 (5th Cir. 2006).  Generally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to

research materials or the law library, and inadequacies in the prison law library, are not generally

sufficient to warrant equitable tolling.  *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011);

*Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000).  Further,

equitable tolling "is not intended for those who sleep on their rights."  *Manning v. Epps, supra*,

688 F.3d at 184.  Thus, a federal habeas petitioner is required to act with diligence and alacrity

both before the filing of state court post-conviction review proceedings, after the filing thereof,

and after the denial thereof in the state appellate courts:

> One of the factors that the Fifth Circuit has considered in determining whether a
> petitioner was diligent concerns when he started pursuing his rights in light of the one
> year statute of limitation....  In evaluating diligence, the Fifth Circuit has also examined
> both the delay between filing for relief in state court and later inquiring about its status,
> and the delay between learning of the state court's ruling and the filing of a § 2254
> petition.

*Ramos v. Director*, 210 WL 774986, *4 (E.D. Tex. March 1, 2010).  "The diligence required for

equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland*

*v. Florida*, 560 U.S. 631, ___ , 130 S.Ct. 2549, 2565 (2010) (internal quotation marks omitted),

and equitable tolling decisions "must be made on a case-by-case basis."  *Id.* at ___, 130 S.Ct. at

2563.

The petitioner's assertions do not support the application of equitable tolling in this case.

Specifically, the Court finds that there is little showing that the petitioner acted with appropriate

diligence in pursuing his claims.  First, the petitioner concedes that he waited until April, 2006,

or after the passage of eleven months out of the twelve-month limitations period, before he retained an attorney to file a post-conviction relief application on his behalf.  This factor alone suggests that the petitioner is not entitled to equitable tolling in this case.  *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (declining to find equitable tolling where the petitioner waited 10 months after his conviction became final before applying for state habeas relief: "We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry"); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir.), *cert. denied*, 552 U.S. 1064 (2007) (declining to find equitable tolling where the petitioner's attorney waited until the last possible day and then experienced computer problems which prevented timely filing).  Notwithstanding, although this factor weighs heavily against the petitioner in this case, the Court will not apply this factor conclusively against him inasmuch as he asserts that, before retaining an attorney, he had long been attempting to obtain assistance through the LSP Legal Programs Department in preparing and filing an application for post-conviction relief.

The Court next looks to the petitioner's exercise of diligence after he hired an attorney. Although the petitioner asserts that he thereafter had an "understanding" that the attorney had filed an application for post-conviction relief on his behalf, he does not assert that he ever received a copy thereof, and he provides little justification for his failure to learn, over the course of the next four (4) years, that no application had in fact been filed.  All that he provides in this regard is the conclusory assertion that he sent "many letters," presumably inquiring about the status of his application, during this time period.  He does not, however, provide the Court with copies of any of these letters or any information regarding the dates thereof or to whom those letters were addressed, or any information regarding responses or lack of responses thereto.

In *Holland v. Florida, supra*, 560 U.S. 631, the United States Supreme Court addressed the effect which abandonment by an attorney may have upon equitable tolling.  In that case, the Court found that a petitioner was potentially entitled to equitable tolling where he had written his attorney "numerous letters" and "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association," and where he filed a *pro se* application for post-conviction relief on "the very day that [he] discovered that his AEDPA clock had expired due to [his attorney's] failings."  *Id.* at ___, 130 S.Ct. at 2565.  In contrast, the Fifth Circuit has concluded that equitable tolling did not apply where a petitioner waited 19 months before inquiring of his attorneys as to the status of his post-conviction relief application.  *Manning v. Epps, supra*, 688 F.3d at 184-86.  In reaching this conclusion, the *Manning* Court made clear that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Id.* at 185.  Applying this precedence in the context of the instant case, the Court finds that this factor also weighs against equitable tolling but, again, not conclusively.  Specifically, although the Court finds it difficult to accept that there could be any adequate reasonable explanation for the petitioner's failure to ascertain, over a period of more than four years after retaining counsel, that no application for post-conviction relief had been filed on his behalf, the Court does not have before it any information regarding the date that the petitioner first began to inquire regarding the status of his case or the "many letters" which he purportedly sent, seeking such status.  Accordingly, the Court will not conclude, based on this factor alone, that equitable tolling should not apply in this case.

The petitioner next asserts that after he learned, allegedly in May or June, 2010, that no application for post-conviction relief had been filed on his behalf, he filed a *pro se* application for post-conviction relief in the state trial court.  He does not, however, provide the date of such

8

filing, and this Court has been informed by the Clerk of Court for the Nineteenth Judicial District that the application was not filed until December 14, 2011, approximately 1½ years after the petitioner obtained the referenced information. This delay is also inconsistent with a finding of reasonable diligence and weighs heavily against the applicability of equitable tolling in this case.

Finally, it appears that the petitioner's post-conviction relief proceedings were finally concluded on November 30, 2012, when the Louisiana Supreme Court denied supervisory review in connection with the petitioner's *pro se* writ application filed in connection with those proceedings. *See State ex rel. Love v. State*, 103 So.3d 371 (La. 2012). Notwithstanding, it appears that he then waited an additional four (4) months, or until April 9, 2013, to file the instant federal habeas corpus proceeding. This delay of four months is additional compelling evidence that the petitioner has failed to show that he has acted with "diligence and alacrity" in pursuing his federal rights. *See Pace v. DeGuglielmo*, *supra*, 544 U.S. at 419 (2005) (diligence not shown where the petitioner waited five months after the finality of post-conviction relief proceedings to file a federal petition); *Baker v. Cain*, ___ Fed. Appx. ___, 2008 WL 3243993, *3 (5th Cir. 2008) (diligence not shown where the petitioner "waited approximately four months to file a federal petition after the Louisiana Supreme Court denied relief"); *Kelly v. Quarterman*, 260 Fed. Appx. 629 (5th Cir. 2007), *cert. denied*, 555 U.S. 828 (2008) (same, with four-month delay); *Melancon v Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (same, with four-month delay).

Based on the foregoing, the Court finds that the petitioner, by reason of the unreasonable and unexplained delays in this case, has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus petition. The petitioner's application,

therefore, should be denied as untimely.[2]

RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 21, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2.  Based upon this conclusion, the Court need not address whether the alleged abandonment by the petitioner's attorney in this case constituted the type of "rare and exceptional circumstances" as would justify the application of equitable tolling.  See Manning v. Epps, supra, 688 F.3d at 184 n. 2 (finding that "attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes, but does not, by itself, excuse the petitioner from his duty of diligence").